<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ANDREW ORECKINTO,                   :
                                    :
                    Plaintiff,      :        Civil Action No. 15-1316 (ES)
                                    :
          v.                        :             OPINION
                                    :
K. NELSON, et al.,                  :
                                    :
                    Defendants.     :
_____    :

SALAS, DISTRICT JUDGE

       Plaintiff Andrew Oreckinto ("Plaintiff"), a convicted and sentenced prisoner confined at

Northern State Prison in Newark, New Jersey at the time of filing, seeks to bring this action *in

forma pauperis*.   Based on his affidavit of indigence, the Court will GRANT Plaintiff's

application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of

the Court to file the Complaint.

       At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)

and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a

defendant who is immune from such relief.   For the reasons set forth below, the Court concludes

that the Complaint should be dismissed without prejudice.

**I. BACKGROUND**

       Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against Defendants Detective

K. Nelson, D. Hunter, Cindy Sweeney, Northern State Prison and New Jersey Department of

Corrections.[1]   The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only.   The Court makes no findings as to the veracity of Plaintiff's allegations.

On December 26, 2014, Plaintiff states that he was placed in a cell with an inmate, William Hockenbury, who was deemed to be a threat to staff, inmates and himself.   (D.E. No. 1 ("Compl.") ¶ 6).   Plaintiff states that Mr. Hockenbury has a schizophrenic paranoia condition and is receiving mental health care.   (*Id.*).   According to an exhibit to the Complaint, on January 15, 2015, Plaintiff alleges that Mr. Hockenbury had a seizure and injured himself while in their cell.   (D.E. No. 1-4, Compl. Ex. 1, Appeal of Disciplinary Decision).   Mr. Hockenbury has no memory of having the seizure and Plaintiff had previous injuries to his hands from exercising.   (*Id.*).   Due to the injuries Mr. Hockenbury sustained during the seizure and Plaintiff's hand injuries, Plaintiff and Mr. Hockenbury were accused of having a fight and charged with a disciplinary infraction. (*Id.*).   At the hearing, the hearing officer found Mr. Hockenbury not guilty of the charge, but found Plaintiff guilty.   (*Id.*).   Plaintiff received 15 days of detention, 180 administrative segregation and 180 days loss of commutation time.   (*Id.*).

Plaintiff is seeking an injunctive order terminating the practice of double bunking for segregation inmates and monetary relief for his "wrongfully being accused."   (*Id.* ¶ 7).

---

[1] The claims against Defendants New Jersey Department of Corrections and Northern State Prison will be dismissed with prejudice as these entities are not "persons" within the meaning of 42 U.S.C. § 1983.   *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (noting that state department of corrections and state prison facilities are not "persons" under § 1983).

## II.   DISCUSSION

**A. Legal Standard**

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### 2.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### B. Analysis

### 1.  Failure to Protect

It appears that Plaintiff is attempting to raise a failure to protect claim against Defendant Nelson for placing him in the same cell as Mr. Hockenbury.   To state a failure-to-protect claim, a prisoner "must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm."  *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).   An official

acts with deliberate indifference when he or she knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837; *Parkell v. Markell*, 622 F. App'x 136, 139 (3d Cir. 2015).

Here, Plaintiff cannot meet any of the prongs required to state a failure to protect claim. First, he was not incarcerated under conditions posing a substantial risk of harm. He alleges that Mr. Hockenbury is a paranoid schizophrenic. But he also stated that Mr. Hockenbury was on medication. Moreover, there are no allegations that Mr. Hockenbury had injured any fellow inmates or had any propensity towards violence. Second, even if Mr. Hockenbury did pose a substantial risk of serious harm to Plaintiff, there are no facts alleged to indicate that Defendant Nelson was deliberately indifferent to said risk of substantial harm. In fact, there are no allegations that Defendant Nelson was even aware that Mr. Hockenbury and Plaintiff were sharing a cell. Finally, even if Mr. Hockenbury did pose a substantial risk of serious harm and Defendant Nelson was deliberately indifferent to the substantial risk to Plaintiff, that deliberate indifference did not cause Plaintiff any harm; rather Plaintiff's "harm" arose due to the allegedly false disciplinary sanctions imposed on him by Defendants Hunter and Sweeney. Mr. Hockenbury and Defendant Nelson did not cause him any harm. Because Plaintiff has failed to allege facts to meet any of the prongs to state a failure to protect claim, that claim will be dismissed without prejudice.

## 2. Disciplinary Hearing

It appears that Plaintiff is challenging the result of his disciplinary hearing conducted by Defendant Hunter, and the appeal which was denied by Defendant Sweeney, wherein he received a punishment of 15 days of detention, 180 administrative segregation and 180 days loss of commutation time.

In a series of cases beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.   In *Preiser*, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.   411 U.S. at 476.   The prisoners did not seek compensatory damages for the loss of their credits.   411 U.S. at 494.   The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."   *Id.* at 500.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in *Preiser*, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.   Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).   The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).   The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."   *Id.* at 489–90.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court applied the lessons of *Preiser* and *Heck* to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.   Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment.   520 U.S. at 646-48.

Here, a favorable outcome to Plaintiff's action for damages—challenging the results of his disciplinary hearing—would necessarily imply the invalidity of the disciplinary finding and punishment, which included the loss of commutation credits.   Therefore, it is not cognizable until

such time as the disciplinary finding has been overturned on appeal or through a habeas proceeding.   Accordingly, this claim will be dismissed without prejudice.

## III.   CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).   However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[3]   An appropriate order accompanies this Opinion.

_s/Esther Salas_
**Esther Salas, U.S.D.J.**

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."   6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.   _Id._   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.   _Id._

8